Affirmed as Reformed and Memorandum Opinion filed November 16, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00621-CR

____________

 

DONALD LEE BOWIE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 337th District Court

 Harris County, Texas

Trial Court Cause No. 1209965

 

 

 



MEMORANDUM
OPINION

            A jury convicted appellant, Donald Lee Bowie, of possession
of a controlled substance.  The jury found two enhancement allegations true and
on July 8, 2009, sentenced appellant to confinement for twelve years in the
Institutional Division of the Texas Department of Criminal Justice.  Appellant
filed a notice of appeal.

We first note the judgment inaccurately recites the findings
on the two enhancement paragraphs were “not true.”  We therefore reform the
judgment and affirm as reformed.

 

             In his first three issues, appellant claims he was deprived
of his right to counsel during the period of time to file a motion for new
trial.  See U.S. Const. amend. VI; Tex. Const. art. I § 10; and Tex.
Code Crim. Proc. art. 1.05.[1] 
The record reflects on July 8, 2009, the day sentence was pronounced, the trial
court granted trial counsel’s motion to withdraw, found appellant indigent, and
ordered the court reporter to prepare a free record.  However, appellate
counsel was not appointed until September 11, 2009, after the time to file a
motion for new trial expired.  No motion for new trial was filed.

            The time for filing a motion for new trial is a critical
stage of the proceeding and a defendant has a constitutional right to counsel
during the period.  Cooks v. State, 240 S.W.3d 906, 911 (Tex. Crim. App.
2007).   Generally, when a defendant is represented by counsel during trial,
there still exists a rebuttable presumption that this counsel continued to
adequately represent the defendant during this critical stage.  Id.  Even
when a defendant rebuts this presumption, this deprivation of counsel is
subject to a harmless error or prejudice analysis.  Id.  To show harm or
prejudice, appellant must demonstrate he had a facially plausible claim that he
was unable to present to the trial court in a timely filed motion for new trial
and to make a record for appellate review.  Id. at 912.

The presumption
that counsel continued to represent the defendant, however, does not apply when,
as in this case, counsel has been expressly permitted to withdraw.  See Garcia
v. State, 97 S.W.3d 343, 348 (Tex. App. – Austin 2003, no pet.).  See
also Nguyen v. State, 222 S.W.3d 537, 540 (Tex. App. – Houston [14th Dist.]
2007, pet. ref’d).  Accordingly, the record demonstrates appellant was denied
counsel during the period of time to file a motion for new trial.  However, we
find this deprivation of counsel was harmless beyond a reasonable doubt.

Appellant does not identify any issues he would have raised
on appeal that he cannot now pursue due to the absence of a motion for new
trial.  Rather, appellant claims that due to the delay of appointment of
counsel, counsel could not have investigated whether there was cause to file
such a motion and prepare it in a timely manner.  

Counsel was prevented from filing a timely motion for new
trial.  However, this did not prevent counsel from investigating whether there
were grounds that cannot now be pursued due to the absence of a motion for new
trial, identifying those grounds on appeal, and demonstrating prejudice arising
from his tardy appointment. 

In a footnote, appellate counsel asserts that a member of
appellant’s family claimed appellant was not competent at the time of trial. 
Counsel asserts he could not investigate this claim because appellant was
transferred to Beeville.[2]  Counsel’s allegation recounting an
out-of-court statement by an unnamed individual that is unsupported by any
evidence in the record does not establish a facially plausible claim that
appellant was incompetent to stand trial.  See Cook, 240 S.W.3d at 912. 
Appellant’s first three issues
are overruled.

            In issues four through seven, appellant complains of the
trial court’s time limit on voir dire.  Specifically, appellant claims counsel was
prevented from asking the venire members individually, “What is, in your
opinion, the most important purpose of the sentence, rehabilitation, deterrence
or punishment?” and exercising his peremptory challenges based on those
answers.  We determine beyond a reasonable doubt that any error in preventing
appellant’s counsel from asking this question individually did not contribute
to the conviction or punishment. See Tex. R. App. P. 44.2(a); Jones
v. State, 223 S.W.3d 379 (Tex. Crim. App. 2007).  Because the error, if
any, was harmless, we need not decide whether the trial court abused its
discretion in limiting voir dire.

            The record reflects defense counsel questioned the venire on
sentencing.  He asked about consideration of the full range of punishment and
what factors are important in assessing a sentence.  The trial court also
discussed punishment with the venire, including the range of punishment and
considering the entire range of punishment.  

Pursuant to section 12.42(a)(2) of the Texas Penal Code,
appellant was punished for a second-degree felony, for which the range of
punishment is two to twenty years.  During the punishment hearing, the State
introduced evidence of five other convictions in addition to those alleged in
the two enhancement paragraphs.  In closing arguments, defense counsel argued appellant
should not receive the maximum sentence, and the State suggested a sentence of
eighteen years.  The jury sentenced appellant to confinement for twelve years. 


In light of appellant’s seven prior convictions, as well as
the questions that were asked on voir dire about sentencing, we are persuaded
beyond a reasonable doubt that the omission of one question from the voir dire
examination regarding the purpose of the sentence did not contribute to the
sentence assessed.  Issues four through seven are overruled.

            Accordingly, we reform the judgment to reflect the findings
on the first and second enhancement paragraphs to be “true,” and affirm the
judgment as reformed.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.  

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Although appellant claims he was deprived of his right to counsel under the
federal constitution, the state constitution, and the Texas Code of Criminal
Procedure, appellant does not assert the analysis differs.





[2]
Counsel fails to explain why he could not communicate with appellant in
Beeville.