# NOS. 12-08-00093-CR
# 12-08-00094-CR
# 12-08-00095-CR
# 12-08-00222-CR
# 12-08-00223-CR
# 12-08-00224-CR
# 12-08-00225-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTONIO MARTINEZ,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 420TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*

We sua sponte withdraw our opinion of August 12, 2009 and issue the following opinion in its place.

Antonio Martinez appeals from three convictions for intoxication manslaughter, three convictions for racing, and one conviction for escape. After pleading guilty to each offense, the jury assessed his punishment. In two issues on appeal, he complains of the admissibility of certain photographs and contends trial counsel was ineffective. We affirm.

## BACKGROUND

On November 12, 2006, Appellant, who was twenty at the time, was hanging out and

drinking beer with family members when they decided "to go for a little cruise." On their way back to his apartment, Appellant stopped at a red light. His friend, Shaun Gilmore, was in his vehicle in the lane next to him. They revved their engines and, when the light changed, raced down the street. Appellant was winning when a Chevrolet Cavalier attempted to cross the street in front of him and the two cars collided. The impact killed two young men in the Cavalier, as well as Appellant's cousin, who had been riding in the front passenger seat of Appellant's car. The rear seat passenger in the Cavalier and Appellant's sister, who had been riding in the rear seat of Appellant's car and was ejected through the windshield, were injured but recovered. Eventually, a warrant was issued for Appellant's arrest, and Appellant turned himself in. One night while Appellant was in jail awaiting trial, a jailer purposely left a door unlocked and Appellant fled. He was later apprehended and returned to jail.

Appellant pleaded guilty to three intoxication manslaughter charges, three racing charges, and one escape charge. He elected to have a jury determine his punishment. The jury assessed punishment at ten years of imprisonment for one intoxication manslaughter charge, twenty years of imprisonment each for the two other intoxication manslaughter cases, three years of imprisonment for one racing charge, five years each for the two other racing charges, and eight years of imprisonment for the escape charge. The trial court pronounced the sentences in accordance with the jury's verdict and ordered that the sentences for the intoxication manslaughter charges run consecutively. The court also ordered that the sentences for the racing and escape charges run concurrently with the ten year manslaughter charge.

### ADMISSION OF PHOTOGRAPHS

In his first issue, Appellant asserts the trial court erred in admitting eighteen photographs of the accident scene. He argues they were more prejudicial than probative, constituted bolstering, and were calculated to inflame the passions of the jury. He contends that the introduction of these photographs was harmful error in light of the punishment assessed.

**Applicable Law**

The admissibility of a photograph is within the sound discretion of the trial judge. ***Gallo v. State***, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). We will reverse the trial court's decision to

2

admit the photographs only if the decision was outside the zone of reasonable disagreement. ***Narvaiz v. State***, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992). Evidence may be offered as to any matter the court deems relevant to sentencing. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2008). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403. Rule 403 favors admissibility and contains a presumption that relevant evidence is more probative than prejudicial. ***Hayes v. State***, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). A Rule 403 analysis by either the trial court or a reviewing court includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; (4) the proponent's need for this evidence. ***Erazo v. State***, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); ***Montgomery v. State***, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g).

When photographs are offered as evidence, the trial court should also consider the number of offered photographs; the gruesomeness, size, and detail of the offered photographs; whether the photographs are black and white or in color; whether the photographs are closeups; whether any body depicted is naked or clothed; and the availability of other means of proof and circumstances unique to each individual case. ***Erazo***, 144 S.W.3d at 489; ***Long v. State***, 823 S.W.2d 259, 272 (Tex. Crim. App. 1991). Visual evidence accompanying oral testimony is not cumulative or of insignificant probative value. ***Chamberlain v. State***, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999). Thus, if there are elements of a photograph that are genuinely helpful to the jury in making its decision, the photograph is inadmissible only if the emotional and prejudicial aspects substantially outweigh the helpful aspects. ***Erazo***, 144 S.W.3d at 491-92.

**Analysis**

Exhibits 1 through 5 are all pictures of Appellant's vehicle, a Mustang, showing each side. The severely damaged front end and the hole in the windshield through which Appellant's sister was thrown are clearly visible. Exhibits 6 and 7 show Appellant's sister lying in the street. Her body is covered although her bare feet and head are visible. Exhibits 8 through 14 and 16 through 19 are

3

photographs of the Cavalier. All sides of the vehicle are shown, including the severely mangled driver's side. Also shown are debris on the ground and emergency personnel. In two of the pictures, it appears that a passenger remains in the backseat.

Exhibit 15, a photograph of the driver's side of the Cavalier showing the passenger in the backseat, was admitted without objection. Sergeant Keith Hawkins was the first police officer on the scene of the accident. To describe the Cavalier, he stated that "the driver side was smashed all the way over to the passenger side." He testified that a passenger was in the backseat, conscious and coherent, but in a bad state. Sergeant Hawkins testified that Exhibits 1 through 5 depicted the Mustang fairly and accurately as he found it when he arrived on the scene. He stated that Exhibits 6 and 7 fairly and accurately depict where Appellant's sister was positioned in the roadway. He also testified that Exhibits 8 through 14 and 16 through 19 fairly and accurately depict the Cavalier.

The State needed the photographs because they provided a visual illustration of the testimony regarding the accident. Having a complete understanding of what happened helps the jury determine the appropriate sentence. *See **Williams v. State***, 176 S.W.3d 476, 481 (Tex. App.– Houston [1st Dist.] 2004, no pet.). The exhibits demonstrate the reality of the offense and accurately depict the scene. *See **Chamberlain***, 998 S.W.2d at 237. Thus, the photographs are probative. While graphically illustrating the magnitude of the damage done to both vehicles, the photographs are not so prejudicial as to cause the jury to make a decision on an improper basis. The State asked Sergeant Hawkins a total of five questions about the eighteen photographs. The time consumed by these questions and answers was not significant and not likely to have distracted the jury from consideration of the intoxication manslaughter and racing charges against Appellant. Furthermore, the State did not mention the photographs in closing argument. *See **Erazo***, 144 S.W.3d at 489. While there were a large number of color photographs, there were no closeups of bodies, Appellant's sister was covered, and none of the pictures were gruesome. Other than the witnesses' descriptions of the scene, there was no other way to adequately portray the events of the night to the jury. We cannot say the trial court abused its discretion when it admitted Exhibits 1 through 14 and 16 through 19. *See **Narvaiz***, 840 S.W.2d at 429. We overrule Appellant's first issue.

4

In his second issue, Appellant contends he was denied effective assistance of counsel because trial counsel did not file a motion for new trial thereby waiving five potential issues on appeal. He further contends the record does not reflect that he received any advice from counsel concerning the necessity of filing a timely motion for new trial to preserve these issues.

**Applicable Law**

An accused is entitled to reasonably effective assistance of counsel. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). The United States Supreme Court has established a two part test, also adopted by Texas courts, to determine whether the representation of counsel was effective. The defendant must show by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Claims of ineffective assistance of counsel must be supported by the record. *Salinas*, 16 S.W.3d at 740. When the record is silent as to the reasons for counsel's conduct, a finding that counsel was ineffective would normally require impermissible speculation by the appellate court. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

A motion for new trial preserves issues for appeal when it is necessary to adduce facts not otherwise in the record in order to present these issues in the appeal. TEX. R. APP. P. 21.2; *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007). A defendant may file a motion for new trial no later than thirty days after the trial court imposes or suspends sentence in open court. TEX. R. APP. P. 21.4(a). The time for filing a motion for new trial is a critical stage of the proceedings, and a defendant has a constitutional right to effective counsel during that period. *Cooks*, 240 S.W.3d at 911. Trial counsel has the duty to consult with and fully advise his client concerning the meaning and effect of the trial court's judgment, the right to appeal from that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as the duty to express his professional judgment as to possible grounds for appeal and their merit, and delineate the advantages and disadvantages of appeal. *Oldham v. State*, 977 S.W.2d 354, 362 (Tex. Crim. App. 1998) (op.

on reh'g). There is a rebuttable presumption that a defendant's trial counsel continued to adequately represent him during this critical stage. *Cooks*, 240 S.W.3d at 911. If a defendant rebuts this presumption with evidence that he was deprived of adequate counsel during this stage, the error is subject to a harmless error or prejudice analysis. *Id.* The presumption is not rebutted by pro se motions filed by the defendant. The filing of a pro se notice of appeal is evidence that the defendant was informed of at least some of his appellate rights, and it will be presumed that he was adequately advised by counsel unless the record demonstrates otherwise. *Oldham*, 977 S.W.2d at 363. Further, there is a presumption that if a motion for new trial was not filed, it is because the defendant was informed of the option and rejected it. *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000).

**Analysis**

When he pleaded guilty to each of these offenses, Appellant signed a document that included the statement "I WAIVE ANY RIGHT TO A MOTION FOR NEW TRIAL OR APPEAL AND WISH TO ACCEPT SENTENCE." At the close of the sentencing hearing, defense counsel asked the court if she could "have a few minutes to discuss his appellate options." The record contains the trial court's certification of the defendant's right to appeal as to punishment in each case, signed by Appellant, counsel, and the trial court on February 13, 2008. It includes the statement that the defendant has "been informed of [his] rights concerning any appeal." The record contains a pro se notice of appeal in each case signed by Appellant and certifying that a copy of the document was served on the district attorney's office on February 13, 2008, the same day as sentencing. These notices of appeal were filed on February 26, 2008. Additionally, in the three intoxication manslaughter cases, Appellant filed a pro se "Notice of Intent to Appeal" on February 21, 2008. The docket sheets reflect that the Notice of Intent to Appeal was filed on February 21, 2008 by a named attorney other than trial counsel and that, on February 26, 2008, Appellant's pro se notice of appeal was filed by trial counsel. Appellate counsel was appointed on April 28, 2008.

These events do not affirmatively establish that counsel did not adequately represent Appellant after his sentences were imposed. *See Oldham*, 977 S.W.2d at 362-63. Nothing in the record affirmatively shows that Appellant's trial counsel failed to discuss the merits of a motion for new trial with Appellant. *See Smith*, 17 S.W.3d at 662-63. The record contains no motion to withdraw by Appellant's trial counsel, and the fact that Appellant signed and filed his pro se notice

6

of appeal so soon after sentencing indicates that he must have been informed of at least some of his appellate rights. *See Oldham*, 977 S.W.2d at 363. There is nothing in the record to suggest that trial counsel did not discuss the merits of a motion for new trial with Appellant, or that Appellant did not reject this option after discussing it with trial counsel. *See id*.

Appellant's conclusory allegations in his brief that he has five potential issues that he would raise on appeal if they had been preserved in a motion for new trial do not rebut the presumption that trial counsel was effective. His assertions are not supported by arguments. *See Cooks*, 240 S.W.3d at 912; *Smith*, 17 S.W.3d at 662-63. Moreover, in his first potential issue, he contends his sentences are cruel and unusual punishment because the three intoxication manslaughter sentences are to run consecutively. Counsel was not ineffective for failing to raise this potential issue in a motion for new trial because the sentences are within the statutory range and the trial court is authorized to order them to run consecutively. It has been held that neither sentences within the statutory range nor the cumulation of sentences constitutes cruel and unusual punishment. *See Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984); *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973).

In his second through fourth potential issues, Appellant contends trial counsel should have made bills of exception regarding certain evidence excluded by the trial court and in his fifth potential issue, he contends trial counsel erred by failing to invoke the rule to have the State's witnesses sequestered. Where the alleged ineffectiveness is due to errors of omission, rather than errors of commission revealed in the record, collateral attack by a writ of habeas corpus may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed. *See Rylander v. State*, 101 S.W.3d 107, 111 n.1 (Tex. Crim. App. 2003); *Oldham*, 977 S.W.2d at 363.

We are not privy to any discussions Appellant and his trial counsel may have had concerning the merits of a motion for new trial. Because the record is silent as to the motivation behind counsel's decisions, we will not speculate and we cannot conclude that counsel acted deficiently. *See Mallett v. State*, 65 S.W.3d 59, 67 (Tex. Crim. App. 2001). We conclude that Appellant failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial. *See Smith*, 17 S.W.3d at 662-63. We overrule Appellant's second issue.

## Disposition

We *affirm* the trial court's judgments in Appellant's three intoxication manslaughter cases, three racing cases, and one escape case.

    SAM GRIFFITH

Justice

Opinion delivered August 25, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)