COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| JUAN NOGUEZ-SAAVEDRA, | | No. 08-08-00127-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 366th  District Court |
| | § | |
| THE STATE OF TEXAS, | | of Collin County, Texas |
| | § | |
| Appellee. | | (TC# 366-80774-07) |
| | § | |
| | § | |

**O P I N I O N**

Juan Noguez-Saavedra appeals his convictions of sexual assault of a child, indecency of a child by contact, and indecency with a child by exposure.  Appellant was sentenced to 7 years' imprisonment for the sexual assault of a child conviction and 5 years' imprisonment for the indecency with a child by contact conviction.  On the jury's recommendation, the trial court suspended Appellant's 10-year prison sentence for the indecency with a child by exposure offense, in favor of 10 years' community supervision.  Affirmed.

On January 15, 2007, the Plano Fire Department responded to a residence where a fourteen-year-old girl reported being sexually assaulted.  The victim identified Appellant as her attacker.  She reported that Appellant lured her to his apartment and then took her to the bedroom, where he pushed her on the bed, slapped her, and sexually assaulted her.  Appellant was indicted for sexual assault of a child, indecency with a child by contact, and exposure with a child related to the assault.  Appellant plead not guilty and was convicted of the charges by a

jury.

On appeal, Appellant raises two issues. In Issue One, Appellant alleges he was denied effective assistance of counsel at trial, by trial counsel's failure to object to the admission of the translation of Appellant's phone conversation with the victim. In Issue Two, Appellant contends trial counsel was ineffective by failing to pursue a motion for new trial. We will address each issue in turn.

We review claims of ineffective assistance of counsel under a two-pronged test. First, an appellant must establish counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984); *Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Mallet*, 65 S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

When we review a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W.3d at 771. Any allegation of ineffectiveness must be firmly founded in the record and demonstrated by a preponderance of the evidence. *See Thompson v,*

*State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The record on direct appeal will generally be insufficient to show that counsel's representation was so deficient as to meet the first prong of the *Strickland* analysis because the reasonableness of counsel's choices often involve facts that do not appear in the appellate record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003).

In Issue One, Appellant argues he was denied effective assistance of counsel at trial due to trial counsel's failure to object to the admission of a translation of a police-recorded phone conversation the victim had with Appellant and counsel's "failure to ask any questions regarding the individual . . ." who translated the recording.

During the investigation, Plano Police Department Detectives used a "pretext phone call" to gather evidence. During a pretext call, the victim calls the suspect from a police telephone which records the conversation. In this case, the victim called Appellant and confronted him about the assault. The State introduced a Spanish-to-English transcription of the phone call into evidence through the investigating officer. The translator did not testify at trial. Trial counsel did not object to the transcript's admission. During the phone call, Appellant expressed regret about what happened to the victim.

Without citation to supporting legal authority, appellate counsel concludes that there is no possible strategic reason to "allow that tape in." However, without the benefit of a record of trial counsel's decision-making process regarding the translation, Appellant cannot overcome the presumption that trial counsel's performance fell below an objective standard of reasonableness. *See Thompson*, 9 S.W.3d at 813. To the extent Appellant argues, this case represents one of the rare instances where counsel's performance was so egregious that it amounted to ineffective

assistance *per se*, he has failed to offer any legal support so holding, and has failed to demonstrate how he was prejudiced by counsel's inaction. *See id*. at 813-14. Accordingly, we overruled Issue One.

In his second issue, Appellant argues he was denied effective assistance of counsel because trial counsel failed to file a motion for new trial, which may have led to the production of a record which demonstrated trial counsel's deficiencies. As in Issue One, the brief is devoid of citation to legal authority supporting Appellant's argument on this point. However in the interest of justice, we will address Appellant's argument.

When, as in the case here, a defendant is represented by counsel during trial, a rebuttable presumption arises that the same counsel continued to adequately represent the defendant during all critical stages of the proceedings, including the time for filing a motion for new trial. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex.Crim.App. 2007). In addition, even in a case where an appellant was able to establish he was deprived of effective assistance of counsel during this stage, the deprivation remains subject to a harmless error analysis. *Id*.

In this instance, the trial court pronounced Appellant's sentence January 29, 2008. Appellant filed a timely *pro se* notice of appeal on February 27, 2008. *See* TEX.R.APP.P. 26.2(a)(1). Appellate counsel was appointed by the trial court on February 29, 2008, one day after the deadline for filing a motion for new trial. *See* TEX.R.APP.P. 21.4(a). Appellant has not offered evidence to support his conclusion that trial counsel was ineffective during the motion for new trial time period. Absent such evidence, Appellant cannot overcome the presumption that counsel's representation was sufficient. *See Cook*, 240 S.W.3d at 911. Issue Two is overruled.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

November 18, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)