**Frank COOKS, Jr., Appellant**

v.

**The STATE of Texas.**

**No. PD–0010–06.**

Court of Criminal Appeals of Texas.

Nov. 21, 2007.

Janet Seymour Morrow, Spring, for Appellant.

Alan Curry, Assistant District Atty., Houston, Jeffrey L. Van Horn, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

A defendant has 30 days to file a motion for new trial after the date that the trial court imposes or suspends sentence in

open court.[1] This case presents the question of whether this 30–day period of time is a "critical stage" during which a defendant is constitutionally entitled to effective assistance of counsel in filing a motion for new trial. We decide that this period is a critical stage of a criminal proceeding, but that the deprivation of effective assistance of counsel is subject to an analysis for prejudice or harm.

The evidence in this case shows that appellant was involved in an altercation with his co-worker Tommie Rhodes. The conflict ended in appellant shooting Mr. Rhodes, then shooting him again as he lay on the ground. Mr. Rhodes survived, but with serious injuries. Appellant was charged with aggravated assault with a deadly weapon.

Represented by retained trial counsel Ken Mingledorff, appellant pleaded guilty without any bargained-for recommendation of punishment by the State. At the sentencing hearing, defense counsel introduced letters and put on testimony from several people willing to attest to appellant's good character and gentle nature. Appellant also took the stand, testifying that the altercation would not have happened if he had been sober and that he "wish[ed] it [had] never happened." The consensus among the defense witnesses was that appellant was a good man who had made a mistake while drinking, that he had cleaned up his act since the incident, and that probation would be appropriate.

The State focused at this hearing on appellant's criminal history. He had been convicted of carrying a handgun in 1983, and he had also received deferred adjudication for felony criminal mischief that year. In 1988, he had received two years' probation for assault. The State argued that appellant had not learned anything from these light sentences; he was still carrying a gun and still hurting people. The trial court set punishment at 15 years. After sentence was pronounced, the following exchange took place:

[DEFENSE TRIAL COUNSEL]: Your Honor, I would like to advise Mr. Cooks on the record that he has a right to appeal. He does not have the funds to hire me, if he sought [sic] fit to hire me. Although I don't see grounds for appeal at this time, I would ask the Court appoint him a lawyer rather than me to pursue that matter if he wishes to do so.

[TRIAL COURT]: If he wishes to do so, notice of appeal will be filed, and the Court will appoint him an attorney to handle the case.

On November 15, 2004, appellant's trial counsel filed notice of appeal, which also requested appointment of appellate counsel for appellant. The trial court appointed Janet Morrow as appellate counsel the same day. At this time, 10 days remained of the 30–day period for filing a motion for new trial. When the time period for filing a motion for new trial expired on November 25, 2004, no motion for new trial had been filed.

■ On March 31, 2005, appellate counsel filed in the court of appeals a "Motion To Abate Appeal To File Out–Of–Time Motion For New Trial."[2] We understand

---

1. See TEX.R.APP. P. 21.4(a).

2. The Motion To Abate was not part of the record that this Court received from the court of appeals. The court of appeals was unable to locate the Motion To Abate in its records. The court of appeals obtained a copy of the Motion To Abate from one of the parties and forwarded it to this Court. This copy of the Motion To Abate indicates that it was filed in the court of appeals on March 31, 2005. The court of appeals' official website confirms this. We, therefore, consider the copy of the Motion To Abate that was forwarded to this

appellate counsel to have asserted in the Motion To Abate that appellant was not represented by his trial counsel or any other counsel after pronouncement of sentence until appellate counsel's appointment and that appellate counsel did not have enough time after her appointment to adequately assist appellant in deciding whether to file a motion for new trial. We also understand appellate counsel to have asserted in the Motion To Abate that appellant wished to claim in a motion for new trial that his trial counsel was ineffective at the sentencing hearing. Appellate counsel asserted in the Motion To Abate that she received "correspondence" from appellant in which appellant stated that "trial counsel failed to call a named material witness in his defense and failed to conduct the promised investigation." The court of appeals denied the Motion To Abate on June 7, 2005.

In his sole point of error on direct appeal, appellant again asserted that there was not enough time for appellate counsel to adequately assist appellant in deciding whether to file a motion for new trial. Appellant requested that the court of appeals abate the appeal and remand the case to the trial court so that appellant could "make a properly counseled decision whether to pursue his appeal, including the decision whether to pursue a claim of any kind on timely motion for new trial." *See Cooks v. State*, 190 S.W.3d 84, 86 (Tex. App.-Houston [1st Dist.] 2005). The court of appeals withdrew its June 7, 2005, order, denying appellant's Motion To Abate, and addressed the merits of the point of error presented by appellant on direct appeal. *See Cooks*, 190 S.W.3d at 86 n. 2.

The court of appeals decided that appellant did not rebut a presumption that he was adequately represented by appellate counsel during the ten days left (from November 15 to November 25) in which to file a motion for new trial. *See Cooks*, 190 S.W.3d at 88–89 (unable to conclude that appellant "rebutted the presumption that he was afforded effective representation of counsel during a critical phase of trial" because appellant was represented by appellate counsel "when time still remained in which to file a motion for new trial"). We granted review of the following ground:

> When appointed appellate *counsel* "asserts" in a "Motion To Abate Appeal To File Out–Of–Time Motion For New Trial" that whatever time remained of the statutory 30 days, following her appointment, was insufficient for appellant to "enjoy the benefit" of her representation at that critical stage of trial, the Court of Appeals should accept counsel's assertion as rebutting the usual presumption that when no motion for new trial was filed, it was because an appellant, with the *benefit* of counsel's representation, had considered and rejected that option.

(Emphasis in original).

In resolving this ground, we find it necessary to address whether the 30–day period for filing a motion for new trial is a critical stage during which a defendant is constitutionally entitled to adequate assistance of counsel. Although we have held that a *hearing* on a motion for new trial is a critical stage, *Trevino v. State*, 565 S.W.2d 938, 940 (Tex.Cr.App.1978), this Court has never addressed the question of whether or not the time for *filing* the motion is. *See Oldham v. State*, 977 S.W.2d 354, 360 (Tex.Cr.App.1998) (explicitly declining to decide whether time for filing motion for new trial is a critical stage).

Court and **order** that it be made a part of the record.

■ The United States Supreme Court has held, as a matter of federal constitutional law, that "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). This includes the first appeal as of right. *See Douglas v. California,* 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). We also note that, of the several Texas courts of appeals to have addressed this issue, all have held, as a matter of federal constitutional law, that the period for filing a motion for new trial is a critical stage. *See Massingill v. State,* 8 S.W.3d 733, 736–37 (Tex. App.–Austin 1999, pet. ref'd) (in order to obtain meaningful appeal, sometimes a defendant must prepare, file, present, and obtain a hearing on a motion for new trial; it is unreasonable to require him to do this without assistance); *see also Funk v. State,* 188 S.W.3d 229, 231 (Tex. App.-Fort Worth 2006, no pet.); *Champion v. State,* 82 S.W.3d 79, 83 (Tex.App.-Amarillo 2002, pet. ref'd); *Prudhomme v. State,* 28 S.W.3d 114, 119 (Tex.App.-Texarkana 2000, pet. ref'd); *Hanson v. State,* 11

S.W.3d 285, 288 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).[3]

■ We further note that, in Texas, a defendant generally need not file a motion for new trial to preserve issues for appeal. However, this is not always the case. Sometimes a motion for new trial is a necessary step to adduce facts not otherwise in the record, in order to be able to present these points of error based on those facts in the appeal. *See* TEX.R.APP. P. 21.2; G. Dix & R. Dawson, 43A *Texas Practice: Criminal Practice and Procedure* § 41.01 (2nd ed.2001). Thus, the substantial right of a defendant in Texas to preserve some issues for appeal can be at stake during this stage of the proceedings.[4] In addition, while a trial judge may grant a new trial based on issues unpreserved during the trial, those same issues might not be cognizable on appeal without having been timely raised at a motion for new trial. *See State v. Herndon,* 215 S.W.3d 901, 909 (Tex.Cr.App.2007). Thus, for example, if a defendant is denied counsel's assistance during this stage, he may lose the opportunity to get a new trial based on issues that cannot be raised on appeal.[5]

---

**3.** The Texas Legislature has also established, as a matter of state statutory law, that a criminal defendant is entitled to counsel, not just at trial, but also during the first appeal as of right. *See* Article 1.051(d), TEX.CODE CRIM. PROC. As a matter of state statutory law, this would seem to apply to the period for filing a motion for new trial, since it comes between trial and appeal.

**4.** The Oklahoma Court of Criminal Appeals has held that the period for filing a motion for new trial is not a critical period because "the filing of a motion for new trial is not necessary to preserve any issues for appellate review in Oklahoma." *See Runnels v. State,* 896 P.2d 564, 566 (Okl.Cr.App.1995). The Court in *Runnels,* 896 P.2d at 566, however, qualified this by stating:

> However, we do not mean to imply that counsel need not ever be provided. Rather, the decision to appoint counsel for these

[new trial] hearings rests within the sound discretion of the trial court. Trial courts should scrutinize pro se motions for new trial to determine if counsel should be furnished. If a motion appears to contain a viable or realistic basis for new trial, a defendant should be provided with counsel.

**5.** *See also Kitchen v. United States,* 227 F.3d 1014, 1018 (7th Cir.2000) (pre-appeal period for filing motion for new trial is critical stage during which defendant is constitutionally entitled to assistance of counsel); *King v. State,* 613 So.2d 888, 891 (Ala.Cr.App.1993) (period for filing post-trial motion for new trial is a critical stage because "post-trial motion is necessary in certain instances to preserve issues for appellate review, most notably claims of ineffective assistance of counsel"); *People v. Finley,* 63 Ill.App.3d 95, 19 Ill.Dec. 773, 379 N.E.2d 645, 650 (1978) (post-trial motion for new trial is critical stage because post-

Based on the foregoing, we decide, as a matter of federal constitutional law, that the time for filing a motion for new trial is a critical stage of the proceedings, and that a defendant has a constitutional right to counsel during that period.

■■■ However, there still exists, in cases like this where a defendant is represented by counsel during trial, a rebuttable presumption that this counsel continued to adequately represent the defendant during this critical stage. *See Oldham,* 977 S.W.2d at 360–63 (discussing this rebuttable presumption).[6] Even when a defendant can rebut this presumption with evidence that he was deprived of adequate counsel during this critical stage, this deprivation of counsel is subject to a harmless error or prejudice analysis. *See Satterwhite v. Texas,* 486 U.S. 249, 257, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) (deprivation of right to counsel subject to harmless error analysis when this deprivation did not contaminate "the entire criminal proceeding"); *Massingill,* 8 S.W.3d at 737 (denial of counsel during 30–day period for filing motion for new trial is not structural error and is, therefore, subject to "harmless beyond reasonable doubt" standard); *but cf. Prudhomme,* 28 S.W.3d at 120 (suggesting that prejudice should be presumed when a defendant is without counsel during the entire 30–day period for

filing motion for new trial, but deciding that, even if prejudice is not presumed, the deprivation of counsel during entire time for filing motion for new trial in that particular case was not harmless beyond reasonable doubt).

■■■ These principles also support a decision in this case that there is a rebuttable presumption that appellant was adequately represented by appellate counsel during the ten days that she had remaining after her appointment to file a motion for new trial. *See Cooks,* 190 S.W.3d at 88 (appellant was represented by appellate counsel "when time still remained in which to file a motion for new trial"). However, the evidence that appellant was unrepresented by counsel during the initial twenty days[7] of the 30–day period, and appellate counsel's assertion in the Motion To Abate that there was not enough time after her appointment for her to adequately assist appellant in deciding whether to file a motion for new trial, are sufficient to rebut the presumption that appellant was adequately represented by counsel during this entire 30–day period.[8]

■■■ We also decide, however, that this deprivation of counsel during the 30–day critical stage for filing a motion for new trial was harmless beyond a reasonable

trial motion for new trial is usually required to preserve issues for appeal).

6. This also includes a rebuttable presumption, as quoted in appellant's ground for review, that "when no motion for new trial was filed, it was because an appellant, with the *benefit* of counsel's representation, had considered and rejected that option" (emphasis in original). *See Oldham,* 977 S.W.2d at 363.

7. *See Cooks,* 190 S.W.3d at 88 (noting that record reflects that appellant did not enjoy the benefit of representation following his sentencing and until November 15 when appellate counsel was appointed).

8. The court of appeals' opinion does not address the effect of appellate counsel's assertion in the Motion To Abate on the rebuttable presumption of adequate representation. In other words, we read the court of appeals' opinion to decide that it was unrebutted that appellate counsel had enough time to adequately represent appellant without considering appellate counsel's assertion in the Motion To Abate that there was not enough time for her to do this. *See Cooks,* 190 S.W.3d at 88–89.

doubt. Appellate counsel's Motion To Abate presented no "facially plausible claims" that could have been presented in a motion for new trial, even though appellate counsel had over four months to discover any such claims from the time of her appointment on November 15, 2004, until she filed the Motion To Abate on March 31, 2005. *See Prudhomme*, 28 S.W.3d at 121 (deprivation of counsel during period for filing motion for new trial not harmless where defendant had "facially plausible claim" which he was unable to present to trial court in a motion for new trial and to make a record for appellate review); *Massingill*, 8 S.W.3d at 737–38 (deprivation of counsel during period for filing of motion for new trial not harmless where defendant asserted a "facially plausible claim" that could have been presented in motion for new trial).

Appellate counsel's conclusory allegation in the Motion To Abate recounting appellant's out-of-court assertion in correspondence to her "that trial counsel failed to call a named material witness in his defense and failed to conduct the promised investigation" did not establish any facially plausible claim of ineffectiveness of trial counsel. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex.Cr.App.2005) (right to hearing on motion for new trial is not absolute, and trial court should generally hold hearing on motion for new trial "if the motion and attached affidavit raise matters that are not determinable from the record that could entitle the accused to relief"); *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Cr.App.1994) (defendant not entitled to hearing on motion for new trial asserting ineffectiveness of counsel based, in part, on conclusory affidavit stating that "counsel failed to properly investigate the facts and failed to subpoena two named witnesses"). This conclusory allegation does not establish reasonable grounds to believe that appellant's trial counsel was ineffective. *See*

*id.* Appellate counsel's Motion To Abate does not set out what evidence or information the "named material witness" or a "promised investigation" would have revealed that reasonably could have changed the result of this case.

We decide, as a matter of federal constitutional law, the period for filing a motion for new trial is a critical stage, and that, appellant has established that he was denied counsel during this critical stage in this case. We also decide that, on this record, this denial of counsel did not harm or prejudice appellant.

The judgment of the court of appeals is affirmed.

KELLER, PJ., PRICE and JOHNSON, JJ., concurred.