Opinion filed February 19, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 19,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00272-CR 

                                                    __________

 

                                 ROGER DALE BARTLEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                           On Appeal from
the 104th District Court of

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 15494B

 



 

                                             M
E M O R A N D U M   O P I N I O N

Roger
Dale Bartley was convicted of a state jail felony theft; was sentenced to
eighteen months confinement, probated for three years; and was fined $1,500. 
The State filed a motion to revoke, contending that Bartley had committed a new
criminal offense and that he had violated several terms and conditions of his
community supervision.  Bartley pleaded true to the State=s allegations, and the
trial court sentenced him to fifteen months confinement.  We affirm. 








Bartley
raises one issue, contending that his right to procedural due process had been
denied because he does not have a meaningful appeal.  Bartley reasons that, in
any appeal involving an open plea in a community supervision revocation
hearing, there are four basic areas of appellate review:  (1) whether there was
evidence in support of revocation, (2) whether a plea was voluntary,
(3) whether whether the sentence was lawful, and (4) whether effective
assistance of counsel was rendered.  Bartley contends that, to have a
meaningful appeal, he must address an error falling within one of these four
areas.  Because he cannot do so, Bartley concludes that he has no meaningful
appeal and that his due process rights have been violated.

Bartley
appears to use the term Ameaningful
appeal@ as a proxy for
a successful appeal.   However, a meaningful appeal is better described as the
opportunity to have critical decisions of the trial court reviewed for error by
an appellate court.  See generally Cooks v. State, 240 S.W.3d 906,
910-11 (Tex. Crim. App. 2007) (defendant is entitled to appointed counsel
during the time for filing a motion for new trial so that issues can be
preserved and a meaningful appeal provided).  The question, then, is whether
the trial court committed error that cannot be reviewed on appeal.

A
plea of true makes a successful appeal more difficult because that plea is
sufficient to support a revocation order.  See Moses v. State, 590
S.W.2d 469, 470 (Tex. Crim. App. 1979).  Bartley=s
plea effectively limits the issues that can be raised on appeal, but this does
not reveal a constitutional violation.  Bartley=s
plea meant that there was no dispute that he had committed six violations of
the terms and conditions of his community supervision.[1] 
The fact that he cannot complain on appeal about the sufficiency of the
evidence is not the result of a constitutional violation but merely the
consequence of his own decision.








Bartley=s plea did not obviate the
trial court=s
responsibility to ensure that Bartley=s
constitutional and statutory rights were protected.  The United States Supreme
Court has held that, in a revocation hearing, due process requires (1) written
notice of the claimed violations, (2) disclosure of evidence to be used
against the defendant, (3) the opportunity to be heard in person and to present
witnesses and documentary evidence, (4) the right to confront and cross-examine
adverse witnesses unless the hearing officer specifically finds good cause for
not allowing confrontation, (5) a neutral and detached hearing body, and (6) a
written statement by the factfinder as to the evidence relied on and the reasons
for revoking community supervision. Gagnon v. Scarpelli, 411 U.S. 778,
786 (1973).  Had the trial court violated any of these, we see no reason why
Bartley could not raise that issue on appeal.  Had the trial court violated any
other statutory requirement, we see no reason why he could not raise that issue
on appeal as well.

We
note that Bartley identifies no actual error by the trial court but complains
in the abstract that any attempted appeal would be futile.  In the absence of
even an attempt to identify error, we can only conclude that no error
occurred.  Furthermore, the absence of any alleged error precludes us from
finding that Bartley was unable to challenge that error on appeal and,
therefore, that he has been unconstitutionally denied a meaningful appeal. 
Bartley=s issue is
overruled.

 
The judgment of the trial court is affirmed.

 

 

 

RICK STRANGE

JUSTICE

 

February 19,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.









     [1]Besides pleading
true, Bartley also testified at the revocation hearing and admitted that he
drank beer before reporting to his probation officer because he wanted to get
revoked since he could not get another officer; that, when this failed, he
tried to test positive for amphetamine; and that he finally quit reporting.