**Motion Granted; Abatement Order filed November 29, 2011**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-11-00149-CR
————————

**MARVIN DWAYNE SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1147188**

## ABATEMENT ORDER

After a bench trial, appellant was found guilty of aggravated assault with a deadly weapon and sentenced to 45 years in the Institutional Division of the Texas Department of Criminal Justice. He filed a motion to abate the appeal arguing he was denied counsel during the thirty-day time period for filing a motion for new trial and requests that we abate his appeal so he may file a motion for new trial based on ineffective assistance of counsel. We grant appellant's motion and abate this appeal to allow appellant the opportunity to file and present a motion for new trial to the trial court.

Appellant was sentenced on January 19, 2011. On February 9, 2011, he filed a notice of appeal and his trial counsel was permitted to withdraw. Appellate counsel was not appointed until April 25, 2011. Appellant argues that he was denied representation by counsel during the time period allowed for filing a motion for new trial, and thus his appeal should be abated to allow counsel to file a motion for new trial.

The thirty-day time period for filing a motion for new trial is a critical stage in a criminal proceeding, and a defendant has a constitutional right to counsel during that period. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *see also* Tex. R. App. P. 21.4(a) (providing thirty days for a defendant to file a motion for new trial). The record shows that appellant was not represented by counsel during a portion of the applicable time period.

The denial of counsel during the time period for filing a motion for new trial is subject to harmless error analysis. *Cooks*, 240 S.W.3d at 911. Because this error is constitutional in nature, we must decide whether the error was harmless beyond a reasonable doubt. *See id.* at 911–12; *see also* Tex. R. App. P. 44.2(a). If an appellant alleges a facially plausible claim that could have been alleged in a motion for new trial, the error is not harmless beyond a reasonable doubt. *Cooks*, 240 S.W.3d at 912. In his motion, appellant alleges his trial counsel did not file a motion for new trial before he withdrew. Further, appellant's competency to stand trial appears to have been an issue during trial. Appellate counsel has obtained appellant's medical records and is investigating potential witnesses for a hearing on a motion for new trial. Appellant was without counsel for more than three months after he was sentenced. Appellant's motion has been on file for more than ten days, but the State has not filed a response.

Appellant was not represented by counsel during a portion of the time period for filing a motion for new trial, and this lack of representation was not harmless beyond a reasonable doubt. Accordingly, we abate this appeal for 60 days and remand to the trial court to (1) allow appellant the opportunity to properly file and present a motion for new

trial, (2) allow the trial court the opportunity to rule on such a motion, and (3) allow the parties the opportunity to supplement the record. The timetable applicable to a motion for new trial shall begin as if appellant was sentenced on the date of this abatement order. If the record is supplemented prior to the expiration of 60 days, the appeal will be reinstated.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.