# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00092-CR

**Howard Thomas Douglas, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. D-1-DC-10-900204, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Retained counsel for appellant Howard Thomas Douglas has filed a motion to withdraw as appellate counsel for Douglas. *See* Tex. R. App. P. 6.5. In the motion, counsel indicates that Douglas has failed to pay him in accordance with a written fee agreement and that, "[o]n information and belief, Appellant does not have the financial resources to pay [counsel] the remainder of [counsel]'s fee agreement, and it may be necessary for Appellant to seek a court-appointed attorney to represent him in the appeal of this case." Counsel adds that he is "not authorized to serve as a court-appointed attorney in Travis County, Texas" and, therefore, "is not eligible to be Appellant's court-appointed attorney." Counsel further believes that Douglas "***does object*** to . . . an order permitting [counsel] to withdraw from the representation of Appellant in this matter." (emphasis in original). Counsel prays that this Court either "grant his motion to withdraw

on the face of this pleading" or, in the alternative, "set this matter for a hearing so that [counsel] may present evidence in support of this motion."

If Douglas is indeed indigent, he would be entitled to the appointment of counsel on appeal. *See Douglas v. California*, 372 U.S. 353, 355-58 (1963); *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007). But only the trial court is authorized to make a determination of indigency under these circumstances. *See* Tex. Code Crim. Proc. art. 26.04(b)(1). Therefore, we dismiss counsel's motion to withdraw, abate the appeal, and remand the cause to the district court to hold a hearing in accordance with rule 38.8 of the rules of appellate procedure. *See* Tex. R. App. P. 38.8(b)(2), (3). Upon remand, counsel is instructed to re-file his motion to withdraw with the district court, which shall hold a hearing immediately to determine whether to grant the motion, whether Douglas still wishes to prosecute his appeal, and whether Douglas is indigent. *See id*. If Douglas still desires to appeal and is indigent, the district court shall make appropriate orders to ensure that Douglas is adequately represented on appeal. *See id*. Following the hearing, which shall be transcribed, the district court shall order the appropriate supplemental clerk's and reporter's records to be prepared and forwarded to this Court no later than August 12, 2013. *See id*.

Before Chief Justice Jones, Justices Pemberton and Field

Abated

Filed: July 11, 2013

Do Not Publish