# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00799-CR

**Billy Jack Vercher, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-12-0815-SB, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Billy Jack Vercher filed a notice of appeal from his conviction for aggravated robbery. On May 9, 2014, appellant's appointed counsel, Nathan Butler, filed a motion to withdraw as appellate counsel. In the motion, Butler indicates that "a conflict has arisen in this matter which precludes counsel from continuing as appellate counsel" and that he and Vercher are "in an adversarial position in another matter." Butler requests that we (1) allow him to withdraw as counsel, (2) appoint counsel to represent Vercher in the appeal of this case, and (3) abate the appeal "until other counsel is appointed."

Indigent defendants are entitled to the appointment of counsel on appeal. *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007). However, this Court does not have the authority to appoint counsel to represent indigent defendants. The legislature has given the trial court the responsibility of appointing counsel in criminal proceedings. Tex. Code Crim. Proc.

arts. 1.051(d), 26.04(j)(2). When counsel is appointed by the trial court to represent an indigent defendant on appeal, it is the trial court's responsibility to relieve or replace counsel. *See Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson v. State*, No. 13-12-00672-CR, 2013 WL 363677, at *1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

We therefore dismiss counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court to hold a hearing in accordance with rule 38.8 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.8(b)(2), (3). Upon remand, counsel is instructed to re-file his motion to withdraw, and the trial court shall hold a hearing to determine whether to grant the motion. In addition, the trial court shall determine whether Vercher still wishes to prosecute his appeal, and if so, the trial court shall make appropriate orders to ensure that appellant is adequately represented on appeal. *See id.* A record of the hearing, including copies of all findings and any orders, shall be forwarded to the Clerk of this Court for filing as a supplemental record no later than thirty days from the date of this opinion. *See id.*

Before Justices Puryear, Goodwin, and Field

Abated and Remanded

Filed: June 5, 2014

Do Not Publish