**Affirmed and Opinion Filed August 5, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-19-00710-CR
_____

**JOHN FRANCIS WALSH III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1775832-H**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant John Francis Walsh III appeals his conviction for aggravated sexual

assault. In two issues, Walsh contends he is entitled to a new trial because the court

reporter did not identify venire members by name or number in the record unless

they were identified as such by the trial court or counsel, and his trial counsel

provided him ineffective assistance by filing a pro forma motion for new trial. We

overrule Walsh's issues and affirm the judgment.

## BACKGROUND

In 2017, Walsh sexually assaulted and beat C.K. multiple times in his

downtown Dallas apartment over the course of an evening and early morning. C.K.

told the jury that, in addition to being forced to have sexual intercourse with and perform oral sex on Walsh, he also beat her with a pool cue, forced her to commit other degrading, non-sexual acts, and threatened to kill her if she left the apartment or told anyone what he had done and to kill anyone who came to the apartment to help her. C.K. was able to escape when Walsh fell asleep. C.K. went to the police that day and underwent a sexual assault examination. She suffered multiple injuries, including abrasions, cuts, bruises, swelling, and two tears to her perineum.

A grand jury indicted Walsh for aggravated sexual assault. He pleaded not guilty to the charge and the case proceeded to trial. A court reporter was present at trial and recorded the proceedings, including voir dire. The jury convicted Walsh of aggravated sexual assault and assessed his punishment at seventy years' confinement. During the punishment phase, Walsh testified that he and C.K. had consensual sexual relations, he "thought the date went well," and denied beating C.K., sexually assaulting C.K., and forcing her to stay in the apartment.

Walsh's counsel filed a pro forma motion for new trial, which was denied by operation of law. This appeal followed.

## ANALYSIS

Walsh brings two issues on appeal. We address each in turn.

## I.     Court reporter's duties under TEX. GOV'T CODE § 52.046(a)(2)

In his first issue, Walsh complains that the court reporter failed to follow the requirement of section 52.046(a)(2) of the Texas Government Code by failing to

identify the prospective jurors by number. Walsh maintains this error prevents him from challenging the dismissal of venire member numbers five and eight for cause. We disagree.

Whether a court reporter violates her statutory duties is a question of law that we review de novo. *Herron v. State*, PD-0853-19, -- S.W.3d --, 2021 WL 2673886, at *5 (Tex. Crim. App. June 30, 2021) (questions of statutory construction reviewed de novo); *Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015) ("We review de novo both pure questions of law and mixed questions of law and fact that do not depend upon credibility and demeanor."); *Estate of Poff*, No. 01-19-00266-CV, 2020 WL 3422210, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2020, no pet.) (mem. op.) (determination of whether trial court erred by holding final trial without a court reporter present turns on statutory interpretation and is reviewed de novo). We, therefore, uphold the trial court's decision on any theory of law applicable to the case. *Ex parte Williams*, No. 05-19-00666-CR, 2021 WL 1015863, at *1 (Tex. App.—Dallas Mar. 17, 2021, no pet.) (mem. op., not designated for publication).

Where legal sufficiency turns upon the meaning of the statute under which the defendant is being prosecuted, we ask if certain conduct constitutes an offense under the statute. *Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020). "When we interpret statutes, we look to the literal text of the statute in question and attempt to discern the fair, objective meaning of the text at the time of its enactment." *Id.* Our

analysis ends if the plain language is clear and unambiguous because "the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Id.*

Rule 13.1(a) requires the official court reporter to attend court sessions and make a full record of the proceedings unless excused by agreement of the parties. TEX. R. APP. P. 13.1(a). Section 52.046 of the government code provides that, "on request, an official court reporter shall:

(1) attend all sessions of the court;

(2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

(3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

(4) preserve the notes for future reference for three years from the date on which they were taken; and

(5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

TEX. GOV'T CODE § 52.046(a). Walsh maintains that the court reporter failed to perform her duties under section 52.046(a)(2) because she did not identify or label the veniremembers by number in the transcript. Instead, the reporter identified each member of the venire panel as "prospective juror" unless the judge or counsel identified them by name or juror number. Walsh contends the court reporter's

general designations prevent him from challenging the dismissal of two venire members, numbers five and eight, for cause. We disagree.

The record is silent as to which party requested the court reporter to make a record of proceedings. It is undisputed, however, that the court reporter fully recorded the trial proceedings, including voir dire. As such, we conclude the court reporter was requested to transcribe the trial pursuant to section 52.046 of the government code, and this issue was preserved for appellate review.

Walsh's complaint stems from the trial court's discussion of probation with the venire panel. During voir dire, the trial judge explained how probation works and the role of the jury in recommending probation:

> So in the State of Texas, if you've never been convicted of a felony in this state or any other state and the jury assesses punishment at ten years or less, then probation is an option. Now the jury would have to recommend probation if the jury assesses a punishment of ten years or less. So it's essentially a question for the jury. So if your punishment is ten years or less, that would be essentially ten to five, then you can recommend probation if you are convinced that the person has never been convicted of a felony in this state or any other state. Okay?

> > If the jury recommends probation, then it is required by the Court to place that person on probation, the Court does not have an option. So the recommendation of probation must be followed by the Court. It is up to the Court to determine what the conditions of probation would be, so that would be done by me.

> > . . . .

> > So I have to make sure that if you were to -- if Mr. Walsh -- and we're making a lot of assumptions here, right, and it's difficult and it's hard and I know you don't know anything about the alleged facts. If Mr. Walsh were to be found guilty and you assess punishment at between

five or ten, you would have to be able to consider whether or not you're going to recommend probation.

Several veniremembers indicated they would not be able to consider probation. The trial judge identified twelve of those veniremembers by last name and juror number. Six other veniremembers indicated they could not consider probation; the trial judge identified those veniremembers by last name only. The reporter's record included the trial judge's identifications.

Walsh's counsel challenged juror number five and juror number eight for cause on the basis that they could not consider probation. Neither the State nor the trial judge had either of those veniremembers marked as indicating they could not consider probation. The trial judge, therefore, overruled Walsh's challenges to those jurors.

The transcript of this portion of the record shows that each veniremember who indicated they could not consider probation or who asked a question regarding probation was identified by the trial judge by either name, juror number, or both. The record shows that Juror No. 5, Mr. Collier, asked several questions about probation and revocation of probation but did not state that he could not consider probation. And Juror No. 8 was not identified or mentioned on the record until Walsh challenged her for cause.

Section 52.046 includes no requirement that the court reporter identify veniremembers by name or juror number when the trial judge and the parties' counsel do not identify the veniremembers by name or juror number. Under the plain

language of the statute, the court reporter was required to "take full shorthand notes of oral testimony." TEX. GOV'T CODE § 52.046(a)(2). The court reporter fulfilled that duty here. The record shows that the court reporter fully transcribed the proceedings by transcribing the words spoken by the trial judge, the veniremembers, and the parties' counsel. There is no indication in the record that any portion of what transpired is missing from the transcript. Moreover, the record is not ambiguous. Juror Number 5 is listed by name and juror number in the transcript regarding his questions concerning probation, and Juror No. 8 was not one of the venire panel recognized by the trial judge as indicating an inability to consider probation. Walsh's arguments that "the court reporter failed to take full shorthand notes of oral testimony offered before the court" and "introduced ambiguity into the record" are, therefore, without merit. We overrule his first issue.

## II.      Ineffective assistance of counsel

In his second issue, Walsh contends he received ineffective assistance of counsel at the motion for new trial stage of the proceedings. Walsh complains that his trial counsel filed only a pro forma motion for new trial. The motion states simply that Walsh seeks a new trial "for the good and sufficient reason that the verdict is contrary to the law and evidence." Walsh maintains that, by filing the pro forma motion, his counsel was an "'inert' or 'potted plant' lawyer who, although physically and mentally present, failed to provide any meaningful assistance." He further contends the pro forma motion failed to subject the State's case to meaningful

adversarial testing, rendering the process itself entirely unreliable. Because of this, Walsh argues that he need not show prejudice to obtain a remand under the United States Supreme Court's opinion in *United States v. Cronic*, 466 U.S. 648 (1984) because prejudice is presumed. We disagree.

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To determine whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, we apply the two-prong standard set out in *Strickland*. *Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023, *9 (Tex. App.—Dallas July 24, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986)). Under *Strickland*, an appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694.

A presumption of prejudice may be warranted, however, when there has been an actual or constructive denial of counsel. *Cronic*, 466 U.S. at 658–60. The presumption of prejudice arises when there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is

unjustified." *Id.* at 658. This can occur when (1) the defendant is denied the presence of counsel at a critical stage of his trial, (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, or (3) circumstances at trial are such that, although counsel is available to assist the defendant during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of counsel. *Id.* at 659–60; *see also Bell v. Cone*, 535 U.S. 685, 695–96 (2002). Here, Walsh contends *Cronic* applies because his trial counsel "made a generic an [sic] entirely unpersuasive argument" in a motion for new trial that "did nothing more than to claim that the evidence was insufficient to support the verdict—something that was certainly untrue."

This Court addressed a substantially identical argument in *Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023 (Tex. App.—Dallas July 24, 2018, pet. ref'd) (mem. op., not designated for publication); *see also Suarez v. State*, No. 05-19-01035-CR, 2020 WL 6580396, at *4 (Tex. App.—Dallas Nov. 10, 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Skinner*). In *Skinner*, we concluded that *Cronic* did not apply to counsel filing a "form" motion for new trial. *Skinner*, 2018 WL 3545023 at *10. In so holding, we noted that "[t]he difference in the *Strickland* and *Cronic* standards are not of degree, but of kind." *Id.* (citing *Bell*, 535 U.S. at 697). We concluded that for *Cronic's* presumption to apply, counsel's failure to test the State's case "must be complete" and "bad lawyering, regardless of

how bad, does not support the . . . presumption of prejudice under *Cronic*." *Id.* (citing *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997)). Rather, prejudice is presumed "when the defendant can establish counsel was not merely incompetent but inert." *Childress*, 103 F.3d at 1228; *see also Ex parte McFarland*, 163 S.W.3d 743, 752 (Tex. Crim. App. 2005) (*Cronic* is "epitomized by the 'inert' or 'potted plant' lawyer who, although physically and mentally present in the courtroom, fails to provide (or is prevented from providing) *any* meaningful assistance." (emphasis in original and internal footnotes omitted)).

In *Skinner*, the appellant argued that *Cronic* applied because trial counsel's "form argument" in the motion for new trial had "no chance to succeed and was entirely without merit" and, therefore, failed to subject the prosecution's case to meaningful adversarial testing. *Skinner*, 2018 WL 3545023, at *10. Skinner further argued that the new trial motion should have been based on a possible violation of the Rule. *Id.* We rejected Skinner's arguments and, instead, applied the test for ineffective assistance of counsel set out in *Strickland*. *Id*. We concluded Skinner failed to demonstrate that the result of the proceeding would have been different if trial counsel had asserted the ground in the motion for new trial. *Id.*

The same analysis applies here. *Cronic* does not apply to Walsh's ineffective assistance of counsel claim based on counsel's filing a "form" motion for new trial. *See Skinner*, 2018 WL 3545023 at *10. Filing a pro forma motion for new trial did not render the entire adversarial process "presumptively unreliable." *See id.* (citing

–10–

*Jackson v. State*, No. 14-16-00050-CR, 2018 WL 1955026, at *4, n. 5 (Tex. App.—Houston [14th Dist.] Apr. 26, 2018, no pet.) (noting that the *Cronic* court's "statement regarding when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing' does not apply to appellate counsel's failure to obtain a timely ruling on a motion for new trial" because "[w]hile such error may have serious implications, it did not render the entire adversarial process 'presumptively unreliable.'"). Walsh, therefore, was required to demonstrate both prongs of the *Strickland* test; namely, that counsel's representation fell below an objective standard of reasonableness and the result of the proceeding would have been different if trial counsel had asserted a different ground in the motion for new trial. *See Skinner*, 2018 WL 3545023, at *10; *see also Strickland*, 466 U.S. at 687–88, 694. He has not met that burden here.

In examining counsel's performance under the first prong, "we must take into account all of the circumstances surrounding the case, and must primarily focus on whether counsel performed in a 'reasonably effective' manner." *Strickland*, 466 U.S. at 687). Counsel's performance falls below acceptable levels only when the "representation is so grossly deficient as to render proceedings fundamentally unfair." *Brewer v. State*, 649 S.W.2d 628, 630 (Tex. Crim. App. 1983). The challenged conduct will constitute ineffective assistance only when "the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Moreover, several rebuttable

–11–

presumptions must be overcome to establish the first *Strickland* prong. For example, there is also a rebuttable presumption that, when the defendant is represented by counsel during trial, this counsel continued to adequately represent the defendant after trial. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). There is also a rebuttable presumption that the defendant was adequately represented by appellate counsel during the period of time that a motion for new trial could have been filed. *Id.* Further, there is a presumption that if a motion for new trial was not filed, it is because the defendant was informed of the option and rejected it. *Oldham*, 977 S.W.2d at 363; *In re D.T.*, 20-0055, 2021 WL 2603695, at *7 (Tex. June 25, 2021) (citing *Oldham*). Here, there is nothing in the appellate record that rebuts these presumptions.

There is no evidence in the record to show "that trial counsel thought that his duties were completed with the end of trial, and had thereafter abandoned the appellant." *Oldham*, 977 S.W.2d at 362; *see also Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000) (explaining that rebuttable presumption exists that trial counsel continues to effectively represent defendant during time period for filing motion for new trial when counsel has not withdrawn from representation after sentencing and is not replaced by new counsel). Further, there is nothing in the record to suggest that Walsh's trial counsel failed to discuss with Walsh the pros and cons of filing a more substantive motion for a new trial as opposed to a pro forma motion and Walsh did not reject that advice.

–12–

Moreover, although "a defendant generally need not file a motion for new trial to preserve issues for appeal," *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007), Walsh's counsel filed a motion for new trial on Walsh's behalf. Walsh provides this Court with no authorities supporting his contention that filing a pro forma motion for new trial falls below an objective standard of reasonableness, and we have found none. Indeed, by filing the motion for new trial, counsel, at a minimum, extended the appellate timetable. *See* TEX. R. APP. P. 26.2(a)(2). Under this record, we conclude Walsh has failed to establish the first *Strickland* prong. As to the second prong, Walsh has presented no argument to show what grounds his counsel should have raised in the motion for new trial or that the result of the proceeding would have been different if he had done so. Walsh, therefore, failed to establish the second *Strickland* prong. Because Walsh has failed to meet his burden under *Strickland*, we resolve his second issue against him.

## CONCLUSION

We find no merit in either of the appellate issues presented by Walsh and overrule those issues.

Accordingly, we affirm the judgment.

                    /Robbie Partida-Kipness/
                    ROBBIE PARTIDA-KIPNESS
                    JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

190710F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JOHN FRANCIS WALSH III,
Appellant

No. 05-19-00710-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1775832-H.
Opinion delivered by Justice Partida-
Kipness. Chief Justice Burns and
Justice Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 5th day of August 2021.