**AFFIRMED and Opinion Filed January 24, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00391-CR**
**No. 05-20-00392-CR**

**NATHANAEL JACE MIXON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1542179-N and F-1641127-N**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Nathanael Jace Mixon appeals his convictions for continuous sexual abuse of a child under the age of fourteen and aggravated sexual assault of a child. In four issues, Mixon contends the trial court erred in not charging the jury to find the date the indictments were returned, the evidence was factually insufficient to support the convictions, and his court-appointed appellate attorney provided ineffective post-trial assistance. We affirm the trial court's judgment.

# BACKGROUND

Mixon is the second cousin of the two complainants in these cases: E.M. and R.H. E.M. was born in 2004 and visited Mixon's house regularly for extended periods in 2009. In December 2015, E.M. told her stepfather that Mixon had "touched" her. E.M.'s stepfather informed E.M.'s mother, who filed a police report and took E.M. to the Dallas Children's Advocacy Center (DACA) for a forensic interview. In that interview, E.M. described multiple incidents in which Mixon touched her vagina with his hand and had sexual intercourse with her. In June 2016, while police were investigating E.M.'s allegations, R.H. told her mother, who is also E.M.'s mother, that Mixon had also sexually assaulted her by holding her to a bed with his hands over her eyes while putting his penis in her mouth. R.H., who was born in 2005, said the incident happened when she was four years old. R.H.'s mother filed a police report, and R.H. was interviewed by a DACA forensic interviewer. Mixon was subsequently indicted for continuous sexual abuse of a child under the age of fourteen for incidents involving E.M. and aggravated sexual assault of a child for the incident involving R.H.

At trial, the jury heard E.M.'s testimony and testimony of Mike Margolis, the DACA forensic interviewer who interviewed E.M. E.M. described multiple incidents in which Mixon attempted to put his penis in her vagina and touched her vagina with his hand. Margolis likewise testified that during the interview, E.M. discussed several incidents in which Mixon allegedly exposed himself, touched

E.M., and penetrated her vagina with his penis. R.H. testified to an incident in which Mixon lured her with M&Ms into a bedroom and told her to open her mouth and close her eyes. When she complied, Mixon inserted his penis into her mouth. E.M. was fifteen and R.H. was fourteen at the time of trial. Neither E.M. nor R.H. were able to testify as to exactly when the incidents occurred, but E.M.'s testimony indicated the incidents occurred when she was between four and six years old. R.H. testified that she was "five or six" when Mixon sexually assaulted her.

During a break in trial testimony, the State asked the trial court to take judicial notice of the indictment date in both cases. The indictment in the first count alleged the offense occurred "on or about the 2nd day of August, 2010," and was returned on February 22, 2016. The second indictment alleged the offense occurred "on or about the 1st day of September, 2013," and was returned on August 15, 2016. Mixon did not object and the court took judicial notice of the indictment dates. The trial court subsequently instructed the jury that the State was not required to prove the exact date of the offense but could prove it occurred at any time between the date alleged in the indictment and the indictment return date. Mixon did not object to this instruction.

The jury found Mixon guilty as charged in the indictments. The trial court sentenced Mixon to twenty-five years' confinement for continuous sexual abuse of a child under the age of fourteen and twenty years' confinement for aggravated sexual assault of a child. Three days after the trial court entered its judgment in each

case, Mixon's trial counsel filed a form motion for new trial and notice of appeal. The trial court appointed appellate counsel the next day. Mixon's motion for new trial was denied by operation of law and this appeal followed.

## ANALYSIS

In four issues, Mixon asserts on appeal that the trial court erred in failing to charge the jury to find the indictment return date on both charges, the evidence was factually insufficient to support the jury's verdict on the charge for continuous sexual abuse, and his court-appointed appellate attorney provided ineffective post-trial assistance. We address each issue in turn.

### A.     Jury Charge

In his first issue, Mixon contends the trial court was required to charge the jury to find the indictment return date on the charge of continuous sexual abuse. He makes the same argument in his second issue with respect to the charge of sexual assault. Thus, we will address both issues together.

In each charge, the trial court instructed the jury that the State "is not required to prove the exact date alleged in the indictment." Relying on each indictment's use of the phrase "on or about," the trial court instructed the jury that the State had only to prove that the offense alleged was committed between the date alleged and the indictment return date. Mixon contends that by failing to charge the jury to find the indictment return dates, the trial court failed to charge the jury on each "essential element[] of [the] offense." According to Mixon, the State must prove that the

–4–

offense alleged was committed before the indictment was returned and within the limitations period. Although a trial court may take judicial notice of certain facts, judicial notice is not binding on a jury in a criminal case. *See* TEX. R. EVID. 201(f). Thus, Mixon contends the trial court erred by instructing the jury as to the indictment return dates of which the court took judicial notice and not charging the jury to find the dates.

Our disposition of this issue turns on whether the return date was an "adjudicative fact" on which the trial court was required to give a permissive instruction under rule 201(f). *See id*. "[A]djudicative facts are those to which the law is applied in the process of adjudication." *Thatcher v. State*, 615 S.W.3d 333, 337 (Tex. App.—Amarillo 2020, no pet.) (quoting *In re Graves*, 217 S.W.3d 744, 750 (Tex. App.—Waco 2007, orig. proceeding)). They "relate to the parties, their activities, their properties, their businesses" and normally go to the jury in a jury trial. *Id*. Adjudicative facts that may be judicially noticed, however, are relevant to the ultimate issue in dispute but are not themselves the subject of any controversy. *Watts v. State*, 99 S.W.3d 604, 610 (Tex. Crim. App. 2003) (noting it "would waste limited judicial resources and defy common sense" to insist that a party prove commonly known or readily ascertainable facts, such as a city's location).

The indictment return dates at issue here are not adjudicative facts requiring a permissive instruction because they are not relevant to any issue in dispute. Mixon did not assert a limitations defense at trial, and the charges did not condition a guilty

–5–

verdict on a finding that the charged offense was committed before the indictment was presented and within any limitations period. Indeed, there is no limitations period on either of the offenses charged here. *See* TEX. CODE CRIM. PRO. art. 12.01(1)(B), (D).

Moreover, Mixon failed to object when the State asked the trial court to take judicial notice of the return dates and did not object to the trial court's instruction. Thus, even if the trial court erred in giving the instruction, we would reverse only if the error "is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'" *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Agent v. State*, No. 05-15-00430-CR, 2016 WL 2627580, at *3 (Tex. App.—Dallas May 5, 2016, no pet.) (mem. op., not designated for publication) (same). We cannot conclude that any harm from the instruction, even if erroneous, would rise to that level. Accordingly, we overrule Mixon's first and second issues.

## B. Factual Sufficiency

In his third issue, Mixon challenges the factual sufficiency of the evidence supporting the jury's verdict on the charge of continuous sexual abuse of a child under fourteen. Although he acknowledges that factual sufficiency review was abolished in *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.), he contends the court of criminal appeals disregarded constitutional due process mandates by doing so.

Whether there is any merit to Mixon's argument is not for us to decide. Rather, we are bound by the court of criminal appeals's precedent, and we decline to accept Mixon's invitation to deviate from it. The court of criminal appeals has made clear that we must "review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single sufficiency standard set out in *Jackson v. Virginia*." *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), as defining the legal sufficiency standard). Accordingly, we are prohibited from conducting a factual sufficiency review, as Mixon proposes, and we overrule his third issue.

## C. Ineffective Assistance

In his fourth issue, Mixon contends his court-appointed appellate attorney failed to provide effective assistance during the post-trial phase. Mixon's trial counsel filed a form motion for new trial in each case three days after the trial court entered its judgment. The trial court appointed appellate counsel the next day. Mixon contends that "appointed-appellate counsel did not file an improved motion for new trial, set this motion for new trial for a hearing, present the motion for new trial to the court, etc." Thus, Mixon argues that his appointed appellate counsel "was the 'inert' or 'potted plant' lawyer who, although physically and mentally present, failed to provide any meaningful assistance." He asserts that this is the "hypothetical situation posited" in *United States v. Cronic*, 466 U.S. 648, 658–60 (1984) ("[I]f

counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, . . . the adversary process [is] itself presumptively unreliable[, and] [n]o specific showing of prejudice [is] required.").

This Court addressed similar arguments in *Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023. *9–10 (Tex. App.—Dallas July 24, 2018, pet. ref'd) (mem. op., not designated for publication), and *Suarez v. State*, No. 05-19-01035-CR, 2020 WL 6580396, at *4 (Tex. App.—Dallas Nov. 10, 2020, pet. ref'd) (mem. op., not designated for publication). In both *Skinner* and *Suarez*, we concluded that *Cronic* did not apply to counsel filing a "form" motion for new trial. *Skinner*, 2018 WL 3545023, at *10; *Suarez*, 2020 WL 6580396, at *4. Rather, counsel's failure to test the prosecution's case "must be complete" and "bad lawyering, regardless of how bad, does not support the . . . presumption of prejudice under *Cronic*." *Skinner*, 2018 WL 3545023, at *10 (first citing *Bell v. Cone*, 535 U.S. 685, 697 (2002), and then citing *Childress v. Johnson*, 103 F.3d 1221, 1229 (5th Cir. 1997)); *Suarez*, 2020 WL 6580396, at *4. Here, Mixon does not directly attack the adequacy of his trial counsel's form motion, as Skinner and Suarez did. *See Skinner*, 2018 WL 3545023, at *9; *Suarez*, 2020 WL 6580396, at *4. Instead, Mixon collaterally attacks the motion by asserting his appointed appellate counsel failed to "improve" it. The effect is the same, thus our reasoning in *Skinner* and *Suarez* applies here.

In situations such as this, we apply the test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *Skinner*, 2018 WL

3545023, at \*10; *Suarez*, 2020 WL 6580396, at \*4; *see also Satterwhite v. Texas*, 486 U.S. 249, 257 (1988) (deprivation of right to counsel subject to harmless error analysis when deprivation did not contaminate "entire criminal proceeding"); *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007) (deprivation of adequate counsel at motion for new trial stage subject to harmless error or prejudice analysis). Under *Strickland*, an appellant claiming ineffective assistance of counsel bears the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88. Mixon has presented no argument to show what grounds his appointed appellate counsel should have raised in an "improved" motion for new trial or that the result of the proceeding would have been different if counsel had done so. Because Mixon has failed to meet his burden under *Strickland*, we resolve his fourth issue against him.

## CONCLUSION

Having overruled all of Mixon's issues on appeal, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
Do Not Publish                                JUSTICE
TEX. R. APP. P. 47.2(b).
200391F.U05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

NATHANAEL JACE MIXON,
Appellant

No. 05-20-00391-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1542179-N.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered January 24, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATHANAEL JACE MIXON,
Appellant

No. 05-20-00392-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1641127-N.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered January 24, 2022