

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-94,502 -01 & -02

### EX PARTE ALBERTO LONGORIA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. C-396-W012228-1365681-A & C-396-W012229-1365684-A
### IN THE 396TH DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*.

### O P I N I O N

Applicant pleaded guilty to two offenses of aggravated assault. The trial court placed Applicant on deferred-adjudication community supervision. The State later sought adjudications and prison terms. The trial court revoked the probations, adjudicated Applicant guilty, and assessed two concurrent terms of ten years in prison. The trial judge told Applicant that the trial court was considering shock probation. However, Applicant was not eligible for shock probation. Revocation counsel sought a new trial but raised grounds that proved to be without merit. *See Longoria v. State*, Nos. 02-21-00071-CR & 02-21-00072-CR (Tex. App.—Fort Worth May 12, 2022) (not designated for publication).

Applicant, through habeas counsel, filed these applications for writs of habeas corpus in the county of conviction. The district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant claimed that revocation counsel was ineffective for filing a motion for new trial that stated incorrect grounds for relief, thus depriving the trial court of the opportunity to grant a motion for new trial. The habeas record contained no response from revocation counsel or findings from the trial court resolving the disputed factual issues. This Court remanded. The trial court obtained additional evidence, including revocation counsel's affidavit and testimony at an evidentiary hearing. The parties each submitted proposed findings. The trial court, in independent findings of fact and conclusions of law, determined that revocation counsel was deficient as Applicant had alleged and that revocation counsel's deficient representation harmed Applicant. The trial court recommended granting habeas relief. The State filed objections.

This Court has made an independent review of the record. The trial court's findings and conclusions and its recommendation to grant habeas relief are supported by the record and applicable law. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Cooks v. State*, 240 S.W.3d 906 (Tex. Crim. App. 2007). Relief is granted.

The judgments in cause numbers 1365681D and 1365684D in the 396th District Court of Tarrant County are set aside. Applicant has already pled true to the adjudication allegations. The trial court shall consider the motions to adjudicate and Applicant's pleas, may gather additional evidence, and shall dispose of the motions to adjudicate. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice—

Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     NOVEMBER 22, 2023
Do not publish