

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-25-00234-CR

**IN RE** Nieves **REQUENEZ**

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 2025CC003760
Honorable Yolanda T. Huff, Judge Presiding

PER CURIAM
Concurring Opinion by: Lori I. Valenzuela, Justice

Sitting:      Rebeca C. Martinez, Chief Justice
               Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: June 18, 2025

Based on the current state of the law, the majority decides that relator has not established the two-part test for mandamus relief to be appropriate. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). I concur, but write separately to draw attention to imposing additional "no notice" bail conditions on a defendant in light of the Damon Allen Act.

On March 3, 2025, relator was arrested for driving while intoxicated. The same day, a magistrate judge set her bail at $1,000; no other conditions were imposed. The following week, on March 11, 2025, without holding a hearing, taking evidence, or providing notice to relator, the trial

court imposed a special condition of release on relator's bond by requiring her to install an ignition interlock device on her vehicle.

In 2021, the legislature passed the Damon Allen Act, establishing, as relevant here, that a magistrate must make a bail decision within 48 hours of a person's arrest and that the decision must be based on an "individualized consideration of all circumstances and of the factors required by Article 17.15(a)." TEX. CODE CRIM. PROC. art. 17.028(a). Critically, the act created a rebuttable presumption that the magistrate's initial bail and decision on whether to impose conditions of release "are sufficient to reasonably ensure the defendant's appearance in court as required and the safety of the community, law enforcement, and the victim of the alleged offense." *See id.* art. 17.028(c); *see also* TEX. CONST. art. I, §§ 11, 13.

Generally, once established, a rebuttable presumption remains valid until the presumption is "rebutted" through the introduction of evidence. *See e.g. Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *Fuentes v. State*, No. 04-17-00749-CR, 2018 WL 6517147, at *2 (Tex. App.—San Antonio Dec. 12, 2018, pet. ref'd) (mem. op., not designated for publication). Here, once the magistrate set relator's bond at $1,000 and chose not to impose any other condition, there was a rebuttable presumption that the magistrate's decision was sufficient to satisfy the constitutionally permissible purposes of bail. TEX. CODE CRIM. PROC. art. 17.028(a), (c); *see also* TEX. CONST. art. I, §§ 11, 13. Nevertheless, the trial court imposed an additional condition on bond—requiring an ignition interlock device—without that presumption being properly rebutted. Although I understand the practicality of the trial court's actions, I cannot conflate the Damon

Allen Act with allowing a trial court to continue to impose additional conditions on bond without the proper evidentiary procedures being followed, nor notice being provided to relator.[1]

Notwithstanding the foregoing, I acknowledge that mandamus is relief reserved for extraordinary circumstances where both parts of the test are satisfied. *See Young*, 236 S.W.3d at 210; *see also* TEX. CODE CRIM. PROC. art. 11.01, 11.05. For this reason, I concur.

Lori I. Valenzuela, Justice

---

[1] Prior to the Damon Allen Act, no such rebuttable presumption existed and a judge or magistrate, on their own accord, was permitted to "order the accused to be arrested and require the accused to give another bond in such amount as the judge or magistrate may deem proper" if the judge or magistrate "finds that the [existing] bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good or sufficient cause." TEX. CODE CRIM. PROC. art. 17.09, § 3.