In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00110-CR
_____

RICHARD CRYER, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 1A District Court
Tyler County, Texas
Trial Cause No. 13,605

_____

MEMORANDUM OPINION

Richard Cryer, represented by court-appointed counsel, was convicted in a trial to a jury of aggravated assault with a deadly weapon, a second-degree felony.[1] The jury assessed punishment and sentenced him to prison for twenty years. The attorney appointed to represent

---

[1]*See* Tex. Penal Code Ann. § 22.02(a)(2).

1

Cryer filed a notice of appeal, and then filed an *Anders* brief in his appeal.[2]

In the brief, Cryer's attorney represents there are no arguable reversible errors to be addressed in Cryer's appeal.[3] The brief filed by the attorney contains a professional evaluation of the record. In the brief, Cryer's attorney explains why, under the record in Cryer's case, no arguable issues exist to reverse the trial court's judgment.[4] Cryer's attorney also represented that he sent Cryer a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Cryer, by letter, that he could file a pro se brief or response with the Court on or before January 9, 2023. Cryer, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] In this appeal, the record does not show that

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

Cryer's attorney filed a motion for new trial when the case was in the trial court, and it also does not show that Cryer's attorney filed a motion to withdraw after he filed the notice of appeal. Because Cryer was represented by counsel when he was in the trial court and the record shows he didn't file a motion for new trial, rebuttable presumption exists that requires this Court to assume that Cryer considered and rejected that option.[6]

After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support this appeal. Thus, it follows the appeal is frivolous.[7] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[8]

---

[6]*Cooks v. State*, 240 S.W.3d 906, 911 n.6 (Tex. Crim. App. 2007) (discussing the rebuttable presumption that arises when the record shows no motion for new trial was filed).

[7]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[8]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Cryer may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 26, 2023
Opinion Delivered August 2, 2023
Do Not Publish

Before Golemon, C.J., Horton, and Wright JJ.

4