# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00794-CR

**Ruben Alonzo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-21-301358, THE HONORABLE BOB PERKINS, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Ruben Alonzo filed a notice of appeal from his conviction for sexual assault. By letter dated April 16, 2024, this Court's clerk sent a notice of late brief to appellant through appellant's appointed counsel, Gary Prust. On April 24, 2024, Prust, filed a motion to withdraw as appellate counsel. In the motion, Prust asserts that Alonzo wishes to represent himself pro se on appeal as he did at trial, but that Alonzo refused to sign Prust's motion to withdraw as counsel.

Indigent defendants are entitled to the appointment of counsel on appeal. *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007). The legislature has given the trial court the responsibility of appointing counsel in criminal proceedings. Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2). When counsel is appointed by a trial court to represent an indigent defendant on appeal, it is generally the trial court's responsibility to relieve or replace counsel. *See Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, no pet.); *Williamson*

*v. State*, No. 13–12–00672–CR, 2013 WL 363677, at *1 (Tex. App.—Austin Jan. 25, 2013, no pet.) (mem. op., not designated for publication).

Defendants are not entitled to hybrid representation—i.e. Alonzo cannot both represent himself and retain his appointed counsel by refusing to agree that his appointed attorney can withdraw. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (citing *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995)).

Accordingly, we abate the appeal and remand the cause to the trial court to hold a hearing in accordance with rule 38.8 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.8(b)(2), (3). Upon remand, counsel is instructed to refile his motion to withdraw with the trial court. The trial court shall hold a hearing concerning whether Alonzo still wishes to prosecute his appeal and, if so, whether to grant Prust's motion to withdraw, to appoint new counsel, or to allow Alonzo to proceed pro se after appropriate discussion about self-representation. The trial court shall make appropriate orders to ensure that Alonzo is represented on appeal or can proceed pro se.

A record of the hearing, including copies of all findings and any orders, shall be forwarded to the Clerk of this Court for filing as a supplemental record no later than June 18, 2024. *See* Tex. R. App. P. 38.8.

It is ordered May 15, 2024.

Before Chief Justice Byrne, Justices Smith and Theofanis

Abated and Remanded

Filed: May 15, 2024

Do Not Publish