# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00473-CR

---

**Herman Lee Kindred, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY**
**NO. 24CCR01048, THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING**

---

## O R D E R  A N D  M E M O R A N D U M  O P I N I O N

**PER CURIAM**

On appellant Herman Lee Kindred's pro se motion, we previously remanded this cause to the trial court to determine whether Kindred should be appointed appellate counsel. *Kindred v. State*, No. 03-24-00473-CR, 2025 WL 567850, at *1 (Tex. App.—Austin Feb. 21, 2025, order) (per curiam) (mem. op., not designated for publication); *see State v. Torres*, No. 03-24-00033-CR, 2025 WL 643998, at *1 (Tex. App.—Austin Feb. 28, 2025, order) (per curiam) (mem. op., not designated for publication) (trial court is responsible for appointing counsel to represent indigent appellants); Tex. Code Crim. Proc. arts. 1.051(d), 26.04(j)(2).

The trial court held a hearing on March 26, 2025. Although notice of the hearing was sent to Kindred's address of record in this Court,[1] he did not attend the hearing. The trial court therefore found that it was unable to determine, as directed in our abatement order, whether Kindred is indigent and desires representation. On April 28, 2025, Kindred filed a second motion for appointment of counsel, asserting that he had not received the trial court's notice and still wanted an attorney on appeal.

Upon further review of the record, we note that the trial court found Kindred to be indigent at trial. Further, the State did not challenge this finding, and the record contains no evidence of a material change in his financial circumstances or finding by the trial court that he is no longer indigent. *See* Tex. Code Crim. Proc. art. 26.04(p); *Wright v. State*, No. 03-22-00635-CR, 2024 WL 2946317, at *1 (Tex. App.—Austin June 12, 2024, no pet.) (mem. op., not designated for publication). Indeed, the record indicates that the clerk's record for this appeal was prepared for Kindred at no cost. *See* Tex. R. App. P. 20.2.

Indigent defendants are constitutionally entitled to appointed counsel for their first appeals as of right. *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007) (citing *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *Douglas v. California*, 372 U.S. 353, 357 (1963). The legislature requires that the trial court appoint counsel for indigent defendants to represent them in appeals to this Court. *See* Tex. Code Crim. Proc. arts. 1.051(d)(1), 26.04(c).

Accordingly, we again abate this appeal and remand the cause to the trial court with instructions to appoint counsel for Kindred. *See Harty v. State*, No. 03-15-00066-CR, 2017 WL 474063, at *1 (Tex. App.—Austin Feb. 2, 2017, order) (per curiam) (mem. op., not

---

[1] The address to which the notice was sent is also the return address on Kindred's filings in this case.

designated for publication) (instructing trial court to appoint appellate counsel without necessity of hearing).

The trial court shall make all necessary orders and include them (including the name, address, and phone number of any attorney it may appoint to represent Kindred in this appeal) in a supplemental clerk's record to be filed with this Court by June 13, 2025. Kindred's pending motion for appointment of counsel is dismissed as moot.

It is so ordered May 30, 2025.

Before Chief Justice Byrne, Justices Kelly and Ellis

Abated and Remanded

Filed:   May 30, 2025

Do Not Publish